```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
PETER GITZIS, by guardian *ad litem* Irina                        :
Galanova, and IRINA GALANOVA,                                     :
                                                                  :   **MEMORANDUM DECISION**
                                    Plaintiffs,                   :   **AND ORDER**
                                                                  :
            - against -                                           :   20-cv-1019 (BMC) (RLM)
                                                                  :
LESLIE SALZMAN *et al.*,                                          :
                                                                  :
                                    Defendants.                   :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff *pro se* brings this action, individually and on behalf of her husband, Peter Gitzis, against four attorneys and Judge Pamela Chen for violations of the Americans with Disabilities Act of 1990 ("ADA"); 42 U.S.C. §§ 407, 1981, 1982, 1985, and 1986; 18 U.S.C. §§ 1951 and 1957; the Fourteenth Amendment; and several state statutes. Because this complaint is wholly without legal merit and merely continues a pattern of frivolous lawsuits related to Gitzis's guardianship proceedings, the complaint is dismissed without leave to amend.

## BACKGROUND

The present case is the latest in a line of at least five cases brought in this district within the last three years by the same *pro se* plaintiff alleging the same or similar causes of action. As prologue: Peter Gitzis suffered a stroke in 2012, causing permanent functional deficiencies. Soon after, a social worker referred Gitzis to Adult Protective Services because of concerns that he was being financially exploited. Plaintiff had Gitzis's power of attorney and health care proxy, prompting the Commissioner of Social Services of the City of New York to initiate a guardianship proceeding. Plaintiff's power of attorney was suspended pending the outcome of the guardianship proceeding, but she continued to attempt to represent Gitzis anyway. In 2017,

the state court appointed a Guardian of Property other than plaintiff. In 2019, the state court appointed a Guardian of Person other than plaintiff.

In the first case plaintiff brought in this district (17-cv-3179), she alleged that an attorney at the New York City Human Resources Administration provided fraudulent documentation in connection with one of the guardianship proceedings and that a different attorney withheld required documentation in connection with another proceeding. She accused defendants of "intentional fraud, deceit and collusion," in violation of 42 U.S.C. §§ 1981, 1982, 1985, and 1986; the ADA; and New York state law. Judge Chen dismissed the claims on several grounds, including that a non-attorney plaintiff "may not litigate on behalf of her husband"; that plaintiff does not allege racial discrimination under §§ 1981 and 1982; and that plaintiff does not allege that she, herself, was discriminated against under §§ 1985 and 1986.

In the second case (18-cv-3212), plaintiff sued the Guardian of Property for placing a hold on plaintiff's joint checking account with Gitzis and placing a stop payment on two checks for payment of maintenance bills for two of Gitzis's properties. Plaintiff also brought claims against the Guardian of Property's law firm, an attorney for the Human Resources Administration, the Commissioner of the Department of Social Services, and JP Morgan Chase Bank, N.A for the same. She alleged that these actions violated 42 U.S.C. §§ 1981, 1982, 1985, and 1986; the ADA; the Fourteenth Amendment; and New York state law. Judge Chen dismissed these claims for nearly identical reasons as in the first case: plaintiff didn't allege that the defendants' actions were racially motivated (§§ 1981, 1982); plaintiff didn't allege that *she* was discriminated against based on her own disability (§§ 1985, 1986); plaintiff didn't demonstrate that any adverse actions were taken as a result of her participation in the

2

guardianship proceedings (ADA); and that, "[a]s the Court has repeatedly told Plaintiff, she may not litigate on behalf of her husband."

In the third case (19-cv-7273), which is still ongoing before Judge Chen, plaintiff is suing the Guardian of Person, the Guardian of Property, two law firms, and Integrative Elder Care LLC for violations of the ADA; 42 U.S.C. §§ 407, 1981, 1982, 1985, and 1986; 18 U.S.C. §§ 1951 and 1957; the Fourteenth Amendment; and New York state law. Specifically, plaintiff is claiming that the defendants "are liable for all legal fees and damages Plaintiffs Galanova and Gitzis would incur as a result of their actions" in the proceeding to appoint a personal guardian over Gitzis. It again doesn't appear that plaintiff alleges any facts showing that the defendants' actions were racially motivated or that plaintiff was discriminated against based upon a disability of her own.

> Of note, Judge Chen in that case ordered plaintiff to
>
> show cause as to why [this case and another pending case brought by plaintiff] should not be dismissed for the same reasons this Court dismissed 17-CV-3179 and 18-CV-3212, and the Southern District of New York dismissed 19-CV-1451 (JGK). Plaintiff Galanova must also show why this Court should not issue a filing injunction against her, *i.e.* an order preventing her from bringing additional actions relating to the 2013 state court guardianship proceedings, both as an individual plaintiff and as Gitzis's purported representative or guardian, given that she appears to be filing "vexatious, harassing or duplicative lawsuits." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir 2005) (quoting *Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005))

The status conference and hearing in connection with this order to show cause have not yet occurred.

In the fourth case (20-cv-175), also ongoing, plaintiff is suing the other participants in the 2017 state-court guardianship proceeding, including Judge Loren Baily-Schiffman. Plaintiff is again bringing claims under the ADA; 42 U.S.C. §§ 407, 1981, 1982, 1985, and 1986; 18 U.S.C.

3

§§ 1951 and 1957; the Fourteenth Amendment; and New York state law. Judge Chen issued the same order to show cause in that case as well.

Finally, we arrive at the present case, in which plaintiff is suing a familiar cast of characters – all of whom were participants in the first case before Judge Chen.

Plaintiff *pro se*, appearing for herself and on behalf of Peter Gitzis, is suing professor Leslie Salzman, Gitzis's court-appointed legal representative, for "assert[ing] material factual statements that are false" in a letter she submitted to Judge Chen in 2018. The statements with which plaintiff takes issue are:

> Defendant Department of Social Services ("DSS") found Mr. Gitzis eligible for Adult Protective Services ("APS") in May 2012.

and

> At the time of the filing of the petition, Mr. Gitzis was in receipt of APS services based on a May 2012 notice of eligibility and it will difficult to establish a violation of that provision by arguing that he didn't receive a notice of eligibility.

Although the complaint does not appear to explain why, exactly, these statements were false or how they prejudiced either plaintiff or Gitzis, she claims that "Defendant Salzman knowingly made a false statement of fact; [and] knowingly committed fraud upon the court."

Plaintiff further claims that defendants Kraft and Rauchberg, lawyers for five of the defendants in the first case, violated Local Civil Rule 7.1(a) by submitting a motion to dismiss in letter-motion form instead of in accordance with the more "proper," tri-part procedure requiring a notice of motion, a memorandum of law, and supporting affidavits. As a result, plaintiff accuses Kraft and Rauchberg of "intentional fraud, deceit, collusion and misrepresentation of material facts."

Finally, plaintiff asserts claims against two other lawyers in the first case as well as against Judge Chen, although she does not offer any factual allegations regarding these claims.

4

With reference to the above, plaintiff contends that each of the defendants is "liable for all legal fees and damages [plaintiffs] would incur as a result of their actions in this proceeding"; "engaged in conduct that is prejudicial to the administration of justice"; is "guilty of the unjustified waste and misappropriation of Plaintiffs['] marital and separate property and emotional abuse"; and "deprived [plaintiffs] of their constitutional and due process rights."

## DISCUSSION

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Additionally, even though federal law affords parties a statutory right to "plead and conduct their own cases," 28 U.S.C. §1654, that statute does not permit "unlicensed laymen to represent anyone else other than themselves." Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (internal quotation marks omitted); see Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990).

Even if a plaintiff has paid the filing fee, a court may *sua sponte* dismiss the case if it determines that the action is frivolous. See Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000). An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;

or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

Plaintiff's complaint is wholly without merit, largely for the reasons expressed by Judge Chen in dismissing the first two cases discussed above. First, because plaintiff is not an attorney, she is not permitted to represent someone else in court. See Lattanzio, 481 F.3d at 139. This eliminates all claims brought on Gitzis's behalf. Second, because plaintiff does not allege that she was discriminated against on account of her race, plaintiff's §§ 1981 and 1982 claims fail as a matter of law. See Gomez-Perez v. Potter, 553 U.S. 474, 479 (2008); Mian v. Donaldson, Lufkin & Jenrette Secs. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Third, plaintiff cannot sustain claims under §§ 1985 and 1986 because she does not allege that she was a "party so injured or deprived" of any right or discriminated against on the basis of her own personal characteristics. See 42 U.S.C. § 1985; United Bros. of Carpenters and Joiners of Am., Local 610, AFL-CIO v. Scott, 463 U.S. 825, 826 (1983). And fourth, plaintiff may not sue Judge Chen for acts performed in her judicial capacity. See Mireles v. Waco, 502 U.S. 9, 11 (1991).

Additionally, it is abundantly clear that even under an especially lenient reading of the complaint, plaintiff *pro se* has failed to allege facts sufficient to state a plausible claim for relief under any of her other federal-law theories of liability. Twombly, 550 U.S. at 570. The entirety of this complaint is devoid of any non-conclusory allegations of wrongdoing, except perhaps the claim that defendants Kraft and Rauchberg improperly formatted their motion to dismiss. But even assuming the most such egregious of formatting errors, plaintiff does not explain how she was injured as a result.

Although a court should "freely give leave [to amend the complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), it may deny leave if there "is a substantial reason to do so,

such as excessive delay, prejudice to the opposing party, or futility," Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). The futility of amendment here is plain. Not only do most of plaintiff's claims fail as a matter of law for more than one reason, but the protracted history of this case and its predecessors convince the Court that no facts exist that could render any part of her complaint non-frivolous.

## CONCLUSION

The Clerk is directed to enter judgment, dismissing the case. Furthermore, it is apparent to the Court that plaintiff cannot restrain herself from filing meritless and harassing lawsuits. Plaintiff is therefore warned that should another of her frivolous claims come before this Court, she will be enjoined from filing any further cases in the Eastern District of New York – if she hasn't been barred by then already. See Lau v. Meddaugh, 229 F.3d 121, 123 (2d Cir. 2000) ("The issuance of a filing injunction is appropriate when a plaintiff abuses the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive proceedings." (internal citations, quotation marks, omissions, and alterations omitted)).

**SO ORDERED.**

                                                   U.S.D.J.

Dated: Brooklyn, New York
       February 28, 2020